IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSEPH GUTIERREZ, KYLE LYNN, and RYAN STEPHENS, each individually and on behalf of all others similarly situated, § § § § *Plaintiffs*, § § v. § § DRILL CUTTINGS DISPOSAL § COMPANY, L.L.C.; THE REDDOCH § DEVELOPMENT COMPANY, L.L.C.; § JEFFREY REDDOCH, Sr.; JEFFREY § REDDOCH, Jr.; CHIQUITA REDDOCH; § ALLISON REDDOCH REAUX; LEAH M. § REDDOCH O'MEARA; JEREMIAH M. § REDDOCH; and SEAN M. REDDOCH, § § *Defendants*. § | Civil Action No. SA-18-CV-257-XR |

## ORDER

On this date, the Court considered the above-captioned case. After careful consideration, the Court hereby GRANTS Plaintiffs' Motion for Conditional Certification. Docket no. 5.

## BACKGROUND

On March 20, 2018, Plaintiffs filed this Fair Labor Standards Act ("FLSA") suit on behalf of themselves and all other similarly situated employees pursuant to the "collective action" provisions of 29 U.S.C. § 216(b). Docket no. 1. Plaintiffs were employed by Defendant Drill Cuttings Disposal Company, L.L.C. ("DCDC") to allegedly do largely manual labor in oil and gas industry positions, spending most or all of their day on their feet in any kind of weather. DCDC provides drill cuttings disposal services to the oil and gas industry.

1

DCDC paid its oilfield employees, including Plaintiffs, on a day rate basis. Plaintiffs allege that DCDC denied them overtime, even though they regularly worked well in excess of forty hours per week. Plaintiffs further allege that all employees performed generally non-exempt jobs that were largely manual in nature.

On March 29, 2018, Plaintiffs filed their motion for conditional certification. At that point, Defendants had not yet appeared in the case. On April 10, 2018, Defendants' attorney executed a waiver of service. Defendants did not respond to Plaintiffs' motion.

## ANALYSIS

Under 29 U.S.C. § 216, an employee may bring an action against an employer "[on] behalf of himself . . . and other employees similarly situated." Unlike a Rule 23 class action, in which plaintiffs "opt out" of the class, a § 216 plaintiff must "opt in" to become part of the class. *See* FED. R. CIV. P. 23; *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). Accordingly, the method adopted by this Court[1] for determining whether to certify a collective action under § 216(b)—the *Lusardi* two-tiered approach—involves conditional certification, allowing the plaintiff to notify potential members of the action, followed by a factual determination at a second stage as to whether the putative class members are similarly situated. *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987); *Mooney*, 54 F.3d at 1213–14.

In the first stage, called the notice stage, the District Court must make an initial determination whether notice of the action should be sent to potential class members. *Lusardi*, 118 F.R.D. at 351; *Mooney*, 54 F.3d at 1213. This determination is based solely on the pleadings and affidavits. The pleadings and affidavits must make a preliminary factual showing that a

---

[1] The Fifth Circuit has specifically permitted district courts to apply the *Lusardi* approach at the district court's discretion, but has not formally adopted the *Lusardi* approach itself. *Mooney*, 54 F.3d at 1214. This Court has previously applied the *Lusardi* approach. *See, e.g.*, *Barrera v. MTC, Inc.*, SA-10-CV-665-XR, 2011 WL 809315 (W.D. Tex. Mar. 1, 2011).

similarly situated group of potential plaintiffs exists. *Trezvant v. Fid. Employer Servs. Corp.*, 434 F. Supp. 2d 40, 43 (D. Mass. 2006). The standard is a lenient one typically resulting in conditional certification of a representative class to whom notice is sent and whose members receive an opportunity to opt in. "The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001); *see* U.S.C. § 216(b); *Mooney*, 54 F.3d at 1213–14.

Once conditional certification is granted, the case proceeds through discovery as a representative action. *Mooney*, 54 F.3d at 1214. Upon completion of discovery, the defendant will typically file a motion for decertification. *Id.* At this second stage of the analysis, the District Court should make a factual determination as to whether the putative class members are similarly situated. *Id.* If so, then the representative action may proceed; if not, then the class should be decertified, the opt-in plaintiffs dismissed, and the class representatives should be allowed to proceed on their individual claims. *See Johnson v. TGF Precision Haircutters, Inc.*, 319 F.Supp.2d 753, 754–55 (S.D. Tex. 2004).

Here, the Court has reviewed Plaintiffs' pleadings, affidavits, and unopposed motion for conditional certification. The Court finds Plaintiffs' pleadings and affidavits state a violation of the FLSA and make a preliminary showing that a similarly situated group of potential plaintiffs exists. The Court therefore conditionally certifies the case as a collective action. The class is defined as follows:

> Solids control technicians employed by Drill Cuttings Disposal Company, L.L.C. in Texas and paid a day rate, at any time between January 7, 2011, and the present.

The Court further orders that Plaintiffs are authorized to disseminate by first class U.S. Mail and by e-mail the proposed Notice and Consent Forms submitted with Plaintiffs' Motion, in accordance with the following schedule:

| DEADLINE | SUBJECT |
|---|---|
| **10 days from Order approving notice to Potential Class Members** | Respondent to provide to Plaintiffs' Counsel in Excel (.xlsx) format the following information regarding all Putative Class Members: full name; last known addresses with city, state, and zip Code; last known e-mail addresses (non-company address if applicable); last known telephone numbers; beginning dates of employment; and ending dates of employment (if applicable). |
| **20 days from Order approving notice to Potential Class Members** | Plaintiffs' Counsel shall send a copy of the Court-approved Notice and Consent Form to the Putative Class Members by First Class U.S. Mail and by e-mail. Respondent shall be required to post the Notice and Consent Forms on all jobsites for 60 days in an open and obvious location. Plaintiffs' Counsel may follow-up the mailed Notice and Consent Forms with contact by telephone of former employees or those Putative Class Members whose mailed or e-mailed contact information is not valid. |
| **60 days from mailing of Notice and Consent Forms to Potential Class Members** | The Putative Class Members shall have 60 days to return their signed Consent forms to Plaintiffs' Counsel for filing with the Court. Respondent may remove the posted Notice and Consent forms. |
| **20 days from mailing of Notice and Consent Forms to Potential Class Members** | Plaintiffs' Counsel is authorized to mail and e-mail a second, identical copy of the Notice and Consent Form to the Putative Class Members reminding them of the deadline for the submission of the Consent forms. |

## CONCLUSION

For the foregoing reasons, the Court finds Plaintiffs' allegations and affidavits are sufficient to allow an initial conditional certification of the case as a collective action. Therefore, the Court GRANTS Plaintiffs' motion for conditional certification (Docket no. 5).

It is so ORDERED.

SIGNED this 7th day of May, 2018.

                                                     XAVIER RODRIGUEZ
                                                     UNITED STATES DISTRICT JUDGE